**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.: 4:26-cr-00021-CDL-AGH** |
| **JORGE DOZAL-002, and LARRY ALMY-003,** | : | |
| **Defendants.** | : | |

## ORDER

On September 15, 2026, an Indictment was filed against the above-named defendants. ECF. 1. Also named as a Defendant in that indictment was William B. Jones. ECF. 1. Defendants Almy and Dozal both appeared for their initial appearance and arraignment on October 1, 2026, and both were placed on pre-trial release pending resolution of this matter. ECF 17 and 21. On October 6, 2026, this Court issued Notice of Pre-Trial Conference for October 29, 2026, setting the matter for the December trial term. This is the first time this case has been set on a trial calendar, thus no prior continuances have been granted. William B. Jones has not yet been brought before the Court for an initial appearance, which is currently scheduled for October 21, 2026. A pretrial conference is currently scheduled for October 29, 2026.

The Government filed an unopposed motion to continue on October 16, 2026. Specifically, The Government showed that Defendants Dozal and Almy are set for trial in December 2026; however, co-defendant William B, Jones has not yet appeared before the Court for his initial appearance and arraignment. The Government further showed that no motions for severance had been granted. In addition, discovery had not yet been provided to Defense counsel and as a result

counsel for each Defendant will not have an adequate opportunity to review discovery, conduct any required investigation, or negotiate a potential resolution of the case prior to the presently set December trial term.

IT IS HEREBY ORDERED that the above-referenced matter be continued to the next term of Court set for March 2027, and that the Speedy Trial deadline for the trial in this matter imposed by 18 U.S.C. § 3161(c)(1) is extended to that time. The extended time until the March 2027 trial date shall be excluded from the computation of time under the Speedy Trial Act. The Court observes that 18 U.S.C. § 3161(h)(6) provides that a reasonable period of delay is excludable from the computation of time when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. The Court finds that the ends of justice served by granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial because a failure to grant such continuance could result in a miscarriage of justice and would deny counsel for each Defendant and the Government the reasonable time necessary for effective preparation. 18 U.S.C. §§ 3161(h)(7)(A)-(B). The delay occasioned by this continuance shall not be considered in calculating the speedy trial deadline under the Speedy Trial Act. The two defendants who have made an appearance do not object to the continuance of this case to the Court's March 2027 jury trial term.

SO ORDERED, this 19th day of October, 2026.

S/Clay D. Land
CLAY D. LAND
U. S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA